# IN THE COURT OF APPEALS OF IOWA

No. 18-1756
Filed December 19, 2018

**IN THE INTEREST OF D.C.,**
**Minor Child,**

**E.A., Mother,**
        Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Mark Fowler, District
Associate Judge.


        The mother appeals the transfer of guardianship and custody of her child.
**AFFIRMED.**


        Steven W. Stickle of Stickle Law Firm, P.L.C., Davenport, for appellant
mother.

        Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney
General, for appellee State.

        Lori J. Kieffer-Garrison, Davenport, guardian ad litem for minor child.


        Considered by Vogel, P.J., and Vaitheswaran and McDonald, JJ.

**VOGEL, Presiding Judge.**

The mother appeals the permanency order, which transferred guardianship and custody of her child, D.C., to the child's maternal grandparents. First, she argues the district court failed to account for the progress she has made. Second, she argues the Iowa Department of Human Services (DHS) has failed to make reasonable efforts toward reunification.

DHS first took notice of this family on May 10, 2017, when D.C.'s school reported abuse injuries to the child. D.C., born in January 2011, had puffiness to one eye, scratches on his neck, and bruises on his ear and arm. A DHS worker went to the school and spoke with D.C., who reported his mother's paramour had caused the injuries and has injured D.C., his older sister, and his mother on various occasions.[1] On May 22, D.C. and his sister were removed from the mother's care and placed in the care of their maternal grandparents.

D.C. and his sister were adjudicated as children in need of assistance (CINA) on July 28, 2017. DHS reported the mother would not acknowledge the paramour harmed the children and refused to engage in therapy to address her own issues. After more than one year of offered services, the children and the mother's family members reported the mother continued the relationship with the paramour. A permanency hearing was held on August 8, 2018. Following the hearing, the district court ordered guardianship and custody of D.C. be transferred to D.C.'s maternal grandparents.[2]

---

[1] D.C.'s biological father is deceased. The mother's paramour is alleged to be the biological father of D.C.'s sister, but a paternity test was never performed.
[2] D.C.'s sister was returned to the mother's custody after the permanency hearing. The district court noted in its order that "[s]he will be turning 15 in September and is old enough

"We review a permanency order de novo." *In re K.C.*, 660 N.W.2d 29, 32 (Iowa 2003). The mother first argues the transfer of guardianship was not justified due to her progress. She asserts, "Based on the return of the child's sibling and discharge of proceedings, it is clear that the Court made a determination in the sibling case that the mother had made sufficient progress in case plan goals for the return of the sibling and safe case closure for the sibling." "Even though a mother may be able to parent some of her children does not necessarily mean she is capable of providing appropriate care to all her children. The special needs and best interests of each child must be evaluated." *In re T.J.O.*, 527 N.W.2d 417, 421 (Iowa Ct. App. 1994); *accord In re E.B.L.*, 501 N.W.2d 547, 550–51 (Iowa 1993) (holding the individual child's needs and best interests should be taken into consideration when determining if the parent is capable of parenting that child). The district court noted D.C.'s sister was about to turn fifteen years old and was "old enough to self-protect if the need should arise." On the contrary, D.C. is only seven years old and is unable to protect himself. The record supports the district court's findings of a lack of progress by the mother necessary to safely return D.C. to her care.

The mother also argues DHS did not provide reasonable efforts toward reunification. Specifically, she claims DHS failed to provide visitations with D.C. A DHS report notes DHS limited the mother's unsupervised visits because the mother continues to be deceptive about her relationship with the paramour. The mother was always able to visit D.C. at the grandparents' home; however, she

---

to self-protect if the need should arise. She is also very aware that she can go to her grandparents' home, which is nearby, if needed."

failed to take advantage of this opportunity at any time during June and July 2018. The mother's assertions regarding a lack of visitation opportunities simply ring hollow. Therefore, we agree the guardianship of D.C. was appropriately transferred. We affirm without further opinion. *See* Iowa Ct. R. 21.26(1)(a), (d), (e).

**AFFIRMED.**